IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE NORVELL,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF THE TREASURY; INTERNAL REVENUE SERVICE,<br><br>Defendants. | Case No. 1:18-cv-251-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction based on Federal Rule of Civil Procedure 12(b)(1). The motion is fully briefed and at issue. For the reasons set forth below, the Court will grant the motion.

# BACKGROUND

Defendants move for dismissal on the grounds that plaintiff Bruce Norvell's complaint fails to establish the subject matter jurisdiction of this Court. Fed R. Civ. P 12(b)(1). Mr. Norvell filed his Complaint on June 6, 2018, alleging the IRS did not consider his February 2018 Form 211 "Application for Award for Original Information" as required by the IRS whistleblower award statute, 26 U.S.C. § 7623(b). Plaintiff alleges the IRS's failure to act on his Form 211 pursuant to § 7623(b) violates the requirements of the Administrative Procedures Act (APA), 5 U.S.C. §§ 701 *et seq*.

**Memorandum Decision and Order - 1**

Section 7623 created the Whistleblower Office within the IRS to administer the payment of awards to whistleblowers. 26 U.S.C. § 7623. Under this Section the IRS may proceed with administrative or judicial action based on information brought to light by a whistleblower's Form 211 application. 26 U.S.C. § 7623(b)(1). If the IRS proceeds with the enforcement action, it may award a claimant at least 15 percent, but not more than 30 percent, of the collected proceeds or from settlement with the taxpayer. *Id*. Upon receiving a Form 211, the Whistleblower Office makes a final decision regarding a claim under § 7623(b) and must either communicate denial of the claim, including the basis for the denial, or follow the procedures for granting an award. *See id;* Treas. Reg. § 301.7623-3(c)(1)-(6). The claimant may appeal the Whistleblower Office's final administrative decision to the United States Tax Court within thirty days. *See* 26 U.S.C. § 7623(b)(4). A claimant can appeal any Tax Court decision to the applicable United States Circuit Court of Appeals. *See* 26 U.S.C. § 7482(a).

Mr. Norvell filed separate IRS Form 211s in 2017 and 2018, asserting that the San Francisco Company Airbnb, Inc. had failed to accurately report its taxes between 2009 and 2017. Dkt. 1, at 7. First, on April 10, 2017, Mr. Norvell filed a Form 211 claiming Airbnb had failed to report non-employee compensation as required on Form 1099-MISC for the years 2009-2016. Dkt. 1-4, at 1-2. The IRS Whistleblower Office rejected Mr. Norvell's 2017 Form 211 claim on August 16, 2017. Dkt. 1-6, at 1. Mr. Norvell then filed a second Form 211 on February 2, 2018, alleging the same pattern of historical conduct. Dkt. 1, at 7; Dkt. 1-5, at 1-2. The February 2018 Form 211 also added allegations related

**Memorandum Decision and Order - 2**

to Airbnb's 2017 tax filings and its failure to report 2015 and 2016 payments to hosts on either Form 1099-MISC or 1099-K. *Id*. The IRS Whistleblower Office rejected Mr. Norvell's February 2018 Form 211 on March 13, 2018. Dkt. 1, at 7-8; Dkt. 1-6. The Whistleblower Office's 2018 denial noted that "[the 2017 claim] was previously rejected," and attached a copy of the 2017 denial to its notice. Dkt. 1-6.

Plaintiff alleges that he was injured by the IRS "refusing to consider my 2/2/2018 claim." Dkt. 1, at 8. Specifically, Plaintiff asserts the IRS failed to consider the February 2018 Form 211 at all, and instead treated it as a request for reconsideration of his 2017 Form 211. *Id.* The Parties agree that IRS regulations require the Whistleblower Office to respond to each Form 211 in the event of a denial. *See* Dkt. 1, at 8-9; Dkt. 5, at 5; *see also* 26 U.S.C. § 7623(b). Mr. Norvell asserts the alleged "refusal to consider" his 2018 Form 211 amounts to either "unlawfully withheld or unreasonably delayed" agency action, or, in the alternative, an "arbitrary, capricious, [] abuse of discretion, not in accordance with law, or without observation of procedures as required by law" in violation of the APA, 5 U.S.C. §§ 706(1), (2)(A-D). Dkt. 1, at 9-10. At issue in the instant motion to dismiss is whether this Court has jurisdiction to hear Plaintiff's APA challenge to the IRS Whistleblower Office's alleged inaction under 26 U.S.C. § 7623(b).

## LEGAL STANDARD

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) in one of two ways. See *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The first is known as a "facial" attack, and it accepts the truth

of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. *Id*. The second method is known as a "factual" attack, and it does not assume the truth of plaintiff's allegations but instead challenges them by introducing extrinsic evidence, requiring the plaintiff to support his jurisdictional allegations with "competent proof." *Id*. Here, Defendants bring a "facial" attack against Plaintiff's Complaint for lack of subject matter jurisdiction. *See* Dkt. 5. As such, the Court must consider the factual allegations of the complaint to be true and determine whether they establish subject matter jurisdiction. *Leite,* 749 F.3d at 1121. In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. *Id*.

When bringing a claim against a federal government agency, a Plaintiff must show the government has waived sovereign immunity with respect to that agency's action or inaction to establish subject matter jurisdiction. *See Lane v. Pena*, 518 U.S. 187, 192, (1996). The United States is "immune from suit in state or federal court except to the extent that Congress has expressly waived such sovereign immunity." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1136 (9th Cir. 2013). Any waiver of sovereign immunity "will be strictly construed, in terms of scope, in favor of the sovereign." *Lane*, 518 at 192. The waiver must be "clearly discernable from the statutory text in light of traditional interpretive tools. If it is not, then we take the interpretation most favorable to the Government." *F.A.A. v. Cooper*, 566 U.S. 284, 291 (2012). "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on

**Memorandum Decision and Order - 4**

that claim," and when the United States has consented to suit, "the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (internal citation and quotation marks omitted). The burden of demonstrating a waiver of sovereign immunity lies with the plaintiffs. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

**ANALYSIS**

Plaintiff alleges this Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1346(a)(2) and 5 U.S.C. §§ 701 *et seq*. Dkt. 1, at 2. As the Ninth Circuit has held, § 1331 "cannot by itself be construed as constituting a waiver of the government's defense of sovereign immunity," and therefore does not independently grant the Court jurisdiction to hear Plaintiff's claim against the federal government. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 n.3 (9th Cir. 2007); *Black Dog Outfitters, Inc. v. Idaho*, No. 4:09-CV-00663-EJL, 2010 WL 11469219, at *3 (D. Idaho 2010). Likewise, since Plaintiff seeks "declaratory and injunctive relief" (Dkt. 1, at 9-10), and not monetary damages, his citation of 28 U.S.C. § 1346(a)(2) is misguided. *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 927 (9th Cir. 2009) (noting "[§ 1346(a)(2)]'s "jurisdictional grant is limited to claims for money damages not exceeding $10,000 in amount."). The Court therefore must find the United States has waived sovereign immunity under the APA, 5 U.S.C. § 701 *et seq,* to exercise subject matter jurisdiction over Plaintiff's claim regarding IRS inaction under 26 U.S.C. § 7623(b).

The Court will grant Defendant's Motion to Dismiss for Lack of Jurisdiction

**Memorandum Decision and Order - 5**

because Plaintiff has not established that the APA's sovereign immunity waiver applies in this case. The Court lacks jurisdiction under the APA because there is another appropriate review proceeding under federal law. *See* 5 U.S.C. § 704. Although Plaintiff correctly notes that the APA waives sovereign immunity, granting "a broad spectrum of judicial review of agency action," his complaint does not show how the APA's waiver of sovereign immunity applies to his claims. *See* Dkt. 8, at 13 (*citing Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988)). Because § 7623 provides another review proceeding and the APA excepts those claims from federal court jurisdiction, the Court has no jurisdiction to hear this case.

1. **The Court Lacks Subject Matter Jurisdiction Because Another Review Proceeding is Appropriate**

To challenge federal agency action or inaction under the APA, a Plaintiff must show a lack of another adequate judicial remedy. Actions reviewable under the APA must either be made reviewable by statute or be "final agency action *for which there is no other adequate remedy in a court*." 5 U.S.C. § 704 (emphasis added). The statute at issue in this case, 26 U.S.C. § 7623 does not contain language about APA review. Instead, § 7623 provides that: "[a]ny determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." 26 U.S.C. § 7623(b)(4). Plaintiff's claim concerning the IRS's failure to consider his Form 211, therefore, fails to qualify as a "reviewable action" under § 704 of the APA. Section 7623 provides a review

mechanism in a court of competent jurisdiction, and Plaintiff should turn there. Because the challenged agency action does not fall under the APA, Plaintiff has failed to show the United States has waived its sovereign immunity over this type of claim. Therefore, the Court has no jurisdiction to hear his claims.

As the Supreme Court has noted, "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." *Bowen*, 487 U.S. at 903. Furthermore, the Ninth Circuit has instructed that dismissal under Rule 12(b)(1) is appropriate if the underlying statute giving rise to the APA challenge provides for another adequate judicial remedy. *See, e.g., City of Oakland v. Lynch*, 798 F.3d 1159, 1162 (9th Cir. 2015) (upholding dismissal under 12(b)(1)); *see also S. California All. of Publicly Owned Treatment Works v. United States Envt'l. Prot. Agency*, 297 F. Supp. 3d 1060, 1071 (E.D. Cal. 2018) (finding lack of jurisdiction over an APA challenge because there was another adequate judicial remedy provided by the statute); *Chun v. Dep't of Treasury Internal Revenue Serv.*, 2013 WL 12323966, at *3 (C.D. Cal. June 4, 2013) (same). Outside the Ninth Circuit, other federal courts have consistently dismissed attempts to challenge IRS inaction under § 7623 for lack of jurisdiction. *See, e.g., Medinger v. Comm'r of Internal Revenue*, 662 F. App'x 774, 776 (11th Cir. 2016); *Amsinger v. United States*, 99 Fed.Cl. 254, 258 (Fed. Cl. 2011); *Dacosta v. United States*, 82 Fed. Cl. 549, 555 (2008). Plaintiff has not identified for the Court any federal district court that has entertained a challenge to IRS inaction under § 7623. The Court finds it has no jurisdiction to hear Plaintiff's claims, and grants Defendants' Motion to Dismiss.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 5) is GRANTED.

DATED: January 3, 2019

_____
B. Lynn Winmill
U.S. District Court Judge