# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE NORVELL,<br><br>    Plaintiff,<br><br>v.<br><br>SECRETARY OF THE TREASURY; INTERNAL REVENUE SERVICE<br><br>    Defendants. | Case No. 1:18-CV-251-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to alter or amend filed by plaintiff Norvell. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Norvell filed this action alleging the IRS failed to consider his application for a whistleblower award as required by 26 U.S.C. § 7623(b). His complaint alleges that the IRS's failure to act violates the requirements of the Administrative Procedures Act (APA), 5 U.S.C. §§ 701 et seq.

The IRS responded with a motion to dismiss arguing that Norvell had a remedy in the Tax Court that precluded suit under the APA. The Court agreed and granted the motion to dismiss. *See Memorandum Decision (Dkt. No. 11).*

Norvell now argues in his motion to alter or amend that the Tax Court has no jurisdiction to consider his appeal because the IRS has never made a "determination" on the second of two claims he filed to obtain an award for being a whistleblower. Because the Tax Court has no jurisdiction, Norvell argues, this Court erred in finding that an appeal to the Tax Court precluded suit under the APA here.

Norvell's first claim for a whistleblower award – referred to as 211 Claim I – was dated April 10, 2017. The IRS denied that claim on August 16, 2017. *See Final Decision (Dkt. No. 1-6)*. There is no dispute that the IRS denial of 211 Claim I was a determination that could be appealed to the Tax Court.

On February 12, 2018 – about six months after the denial of his 211 Claim I – Norvell filed a second claim containing new material. This second claim is referred to as 211 Claim II. About a month later – on March 13, 2018 – the IRS sent Norvell a letter stating as follows: "We received your request for reconsideration dated February 12, 2018. Your claim was previously rejected. A copy of that decision is enclosed." *Id.*

Norvell responded on March 21, 2018, informing the IRS that his second claim – 211 Claim II – was not a request for reconsideration but a separate claim that contained new material not found in his first claim. He explained to the IRS in detail how the two claims were separate, and asked them to assign a separate claim number to 211 Claim II, and evaluate it separately from 211 Claim I.

Despite his efforts to cast it in a different light, Norvell's letter was a request for reconsideration. The IRS treated it as such. The IRS responded on April 5, 2018, with a letter to Norvell that rejected his request for a reconsideration: "We received your

**Memorandum Decision & Order – page 2**

request for reconsideration dated March 21, 2018. Your claim was previously rejected. A copy of that decision is enclosed."

This language, Norvell argues, shows that that the IRS never actually considered his second claim but merely referred him back to the rejection of his first claim. He argues that because he has never received a determination of his second claim, he has nothing to appeal to the Tax Court and should be allowed to bring this lawsuit under the APA.

The Court disagrees; Norvell did get a determination from the IRS on his second claim. In the IRS letter of April 5, 2018, the IRS rejects Norvell's argument that the claims are separate and treats both claims the same, rejecting the second claim on the same grounds as the first. That may be a clear error, according to Norvell, but it is nevertheless a rejection that treats both claims the same. Rejections of whistleblower claims are defined as "determinations" in the implementing regulations. *See* 26 C.F.R. § 301.7623-3(c)(7). The IRS's rejection of Norvell's second claim constitutes the required determination that Norvell needs to appeal to the Tax Court. His motion to alter or amend must be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to alter or amend (docket no. 15) is DENIED.



DATED: April 23, 2019

_____
B. Lynn Winmill
U.S. District Court Judge